SO ORDERED.

SIGNED this 11th day of May, 2021.



Dale L. Somers
United States Chief Bankruptcy Judge

Designated for on line use but not print publication
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

In re:

Sharanda Lynn Stackley,

                Debtor.

Case No. 20-40715
Chapter 13

**Memorandum Opinion and Order on Chapter 13 Trustee's Objection to Debtor's Exemption of Earned Income Tax Credit**

Kansas law[1] exempts from a debtor's estate the debtor's earned income tax credits ("EIC") under federal and state income tax law "up to the maximum credit allowed to the debtor under section 32 of the federal income revenue code of 1986, as amended, for one tax year." This Court is being

---

[1] K.S.A. § 60-2315.

asked to construe the foregoing limitation.[2] The Chapter 13 Trustee contends that "[p]ursuant to K.S.A 60-2015, the claimed EIC exemption cannot exceed the allowed federal EIC for one tax year"[3]— that the limitation allows a debtor to exempt the state EIC only to the extent that Debtor has not already claimed as exempt from a federal tax refund the maximum to which Debtor is entitled under the cited federal tax section.  Debtor responds that the "plain meaning of the . . . [limitation] allows the exemption of both state and federal EIC," meaning "the exemption is the maximum amount available to her for each return."[4] The Court finds the Trustee is correct. Based on the facts in this case, Debtor may not claim any portion of her state tax income tax as an

---

[2] The controversy is presented to the Court by the Chapter 13 Trustee's Objection to Debtor's amended Schedule C.

This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2014). An objection to exemptions is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(B). There is no objection to venue or jurisdiction over the parties.

[3] Doc. 46.  The Chapter 13 Trustee, Jan Hamilton, appears by Jan Hamilton.

[4] *In re Garcia*, case no. 20-41027, doc. 38, 3.  Debtor appears by Christopher R. Coons. This case is in an unusual posture. The parties, with the Court's approval, rely on briefs filed in another Chapter 13 case, *In re Garcia*, case no. 20-41027. The Chapter 13 Trustee in *Garcia* is the same as in this case, and counsel for Debtor Stackley is the same as counsel for Debtor Garcia. Because the exemption issue was fully briefed in *Garcia* before the amount of the 2020 refunds were received by Debtor Garcia, the issue of exemptions is better presented by this case.

2

exempt EIC because she has claimed as exempt the full amount of the EIC to which she is entitled under the federal tax code.

## I. Stipulated Facts

The parties stipulated to the following facts.[5] Debtor Sharanda Lynn Stackely ("Debtor") filed a voluntary petition under Chapter 13 on August 31, 2020. Debtor's amended schedule C claims as exempt under K.S.A. 60-2315 both her Federal and Kansas 2020 Earned Income Credit, in the amounts of $5,920 and $1,006, respectively. Debtor's federal tax return shows the following: Federal tax liability of $0; federal tax withheld $629; EIC $5,920; additional child tax credit $1,896; and American Opportunity Credit $1,100. Thus, the total refundable federal credits are $9,916, and the amount of federal tax refund is $10,545. Debtor has claimed $5,920 as exempt from the federal tax refund, the maximum EIC to which Debtor is entitled under section 32 of the federal income tax code of 1986. The Trustee does not object to this exemption.

Debtor's Kansas tax return shows the following: tax liability $0; Kansas income tax withheld $694; EIC $1,006; and total refundable credit $1,700. Debtor's total refund from the state of Kansas is $1,560, after deduction of

---

[5] Doc. 54.

3

$140 in contributions elected by Debtor. Debtor claims $1,006 as exempt state EIC credit. The Trustee objects to this exemption.

Because this case was filed on August 31, 2020, for some bankruptcy purposes the Debtor's nonexempt tax refunds must be prorated between prepetition and postpetition portions. The parties stipulate that this fact does not "impact . . . the issue before the court - which is the propriety of the claim of exemption."[6] The Court will determine the exemption issue without addressing proration.

## II. Analysis

The federal EIC is codified in the Internal Revenue Code at 26 U.S.C. § 32. The EIC benefits low-income married couples and heads of households with qualifying dependent children. Although the EIC can be used to offset taxes that would be otherwise owed, it is also refundable. That means that "if an individual's earned-income credit exceeds his tax liability, the excess amount is 'considered an overpayment' of tax" and is refundable to the

---

[6] Doc. 54, 2.

taxpayer.[7] In bankruptcy cases "EICs are to be treated as tax refunds."[8] The Kansas credit is computed as a percentage of the federal EIC.[9]

Kansas has opted out of the federal exemptions allowing Kansas debtors to exempt from their bankruptcy estates the property specified in the Kansas exemption statutes applicable on the date of filing. Until 2011, neither the federal nor the state EIC was exempt for Kansas debtors,[10] but in 2011 the Kansas Legislature provided for the exemption of EIC as follows:

> An individual debtor under the federal bankruptcy reform act of 1978 (11 U.S.C. § 101 et seq.), may exempt the debtor's right to receive tax credits allowed pursuant to section 32 of the federal internal revenue code of 1986, as amended, and K.S.A. 2010 Supp. 79–32,205, and amendments thereto. An exemption pursuant to this section shall not exceed the maximum credit allowed to the debtor under section 32 of the federal internal revenue code of 1986, as amended, for one tax year. Nothing in this section shall be construed to limit the right of offset, attachment or other process

---

[7] *Sorenson, v. Sec'y of Treasury of the U.S.*, 475 U.S. 851, 855 (1986).

[8] *Baer v. Jones (In re Montgomery)*, 224 F.3d 1193, 1195 (10th Cir. 2000). The Kansas EIC is also refundable. The Kansas EIC statute provides: "If the amount of the credit . . . exceeds the taxpayer's income tax liability imposed under the Kansas income tax act, such excess amount shall be refunded to the taxpayer." K.S.A. § 79-32,205(b).

[9] K.S.A. § 79-32,205(a) (currently the Kansas EIC credit is 17% of the federal EIC).

[10] *In re Phomvongsa*, No. 16-10077, 2016 WL 4260277, at *2 n.14 (Bankr. D. Kan. Aug. 16, 2016).

5

> with respect to the earned income tax credit for the payment of child support or spousal maintenance.[11]

It has not been amended since enactment. The practical effect of the exemption is to allow debtors, such as Sharanda Stackley, to exempt income tax refunds attributable to the EICs that would otherwise be property of the bankruptcy estate.

The Court finds that limitation is clear and unambiguous. The first sentence allows a debtor to exempt the "right to receive tax credits'" allowed under the federal and state EIC statutes. The second sentence places a limit on that exemption of the "maximum credit allowed to the debtor " under the federal statute. The limit expressly applies to "an exemption pursuant to this section." There is no way to interpret this other than a reference to the preceding sentence which allows exemption of both the state and federal EICs, thereby requiring that the limit be applied to the aggregate of the federal and state EICs.

Debtor argues that the foregoing interpretation of the limitation effectively precludes the state EIC exemption and "[h]ad the legislature intended the federal maximum credit clause to subsume the definition of the state maximum amount, it would have made no mention of the exemption of

---

[11] K.S.A. § 60-2315.

6

Case 20-40715    Doc# 56    Filed 05/11/21    Page 6 of 9

the state EIC in the statute.[12] The Court rejects this argument as based upon only a partial evaluation of the limitation. It is true that if a debtor receives a refund of the full federal EIC, the aggregate exemption will be the amount of the federal EIC, thereby effectively precluding the exemption of any of the state EIC. However, because the federal tax code allows the offset of taxes owed against the allowed EIC, there will be circumstances in which the state EIC is also completely or partially exempt, since the limitation is the amount of the EIC allowed, not the amount of the federal tax refund received.

The Court acknowledges that Debtor's construction of limitation of the exemption would better promote the apparent legislative purpose of allowing low-income debtors whose refunds are subject to turnover to retain more of their tax refunds. But the legislature placed a clear and unambiguous ceiling on the exemption, which the Court must follow.

Debtor relies on the decision of former Judge Karlin in *Westby*.[13] In that case, the primary issue was the Chapter 7 Trustee's unsuccessful challenge to the constitutionality of the Kansas exemption of EICs under the Uniformity and Supremacy Clauses of the United States Constitution. As an

---

[12] Case no. 20-41027, doc. 38.

[13] *In re Westby*, 473 B.R. 392 (Bankr. D. Kan. 2012).

additional issue, a Chapter 7 Trustee as amicus argued that the "exemption is ineffectual because there is no way to determine what portion of the total tax refund is attributable to the EIC and not to some other tax credit."[14] Judge Karlin also rejected this challenge, stating, "the amount provided for by the exemption is the amount of the tax refund the debtor had the right to receive, up to the maximum amount of the EIC" to which the debtors were entitled.[15] In doing so, she evaluated the allowed exemption in the manner urged by the Debtor in this case. The debtors' federal EIC was $5751, and their total federal refund was $6702. Their Kansas EIC was $1035, and their Kansas refund was $1490. Judge Karlin held the exemption provided under K.S.A. 60-2315 was $6786, the sum of $5751 and $1035.

This Court respectfully declines to adopt Judge Karlin's interpretation of the limitation. The issue before her was whether there was a way to determine the portion of tax refunds attributable to the EICs, not construction of the limitation, the issue before this Court.

Former Judge Nugent construed the limitation of the EIC in *Phomvongsa*.[16] In that Chapter 7 case, debtor's federal EIC was $1,417 and

---

[14] *Id*. at 421.

[15] *Id*.

[16] *In re Phomvongsa*, 2016 WL 4260277.

8

her state EIC was $250. However, she was entitled to receive federal and state income tax refunds, including her EICs, of $4,240 and $753 respectively. Debtor and the Chapter 7 Trustee disagreed about the amount of the tax refunds that should be turned over to the trustee. Debtor asserted she could keep $3,359, the maximum amount of federal EIC that a taxpayer with one child, such as her, could receive. The Trustee argued that the Kansas exemption statute limited her exemption to the actual amount that she could claim for the federal EIC, which was $1,471. Judge Nugent agreed with the Trustee, finding that "[t]here is only one way" to read the statute—as limiting the exemption to the maximum credit under federal law available to this debtor, not any debtor.[17] The Court agrees with Judge Nugent's analysis.

Therefore, the Court finds that Debtor Stackley's EIC exemption is limited to $5,920, the portion of her federal refund attributable to her federal EIC. Because $5,920 is the maximum Debtor has a right to receive under section 32 of the federal income tax code of 1986, she is not entitled to exempt any of her Kansas tax refund attributable to the Kansas EIC.

It is so ordered.

### 

---

[17] *Id.* at *3.